1   JAMES J. MCDONALD, JR., Bar No. 150605
    jmcdonald@laborlawyers.com
2   SHADIE L. BERENJI, Bar No. 235021
    sberenji@laborlawyers.com
3   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
4   Irvine, California 92614
    Telephone (949) 851-2424
5   Facsimile (949) 851-0152        NOTE: CHANGES MADE BY THE COURT

6   Attorney for Defendant
    COMPUTER SCIENCES CORPORATION
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11  YUANIS HEATHINGTON,                Case No.: CV 08-8435 GAF(PLAx)

12                        Plaintiff,   *Assigned to the Hon. Gary A. Feess*

13        vs.
                                       **STIPULATED PROTECTIVE ORDER**
14
    COMPUTER SCIENCES
15  CORPORATION, a Nevada
    corporation;  DOES 1 through 10,
16  Inclusive,

17                        Defendants.  Complaint Filed: December 19, 2008

18

19  **I.      PURPOSES AND LIMITATIONS**

20          Disclosure and discovery activity in this action are likely to involve

21  production of confidential, proprietary, or commercial information for which

22  special protection from public disclosure and from use for any purpose other than

23  prosecuting this litigation would be warranted.   Fed. R. Civ. P. 26(c)(1)(G).

24  Accordingly, the parties hereby stipulate to and petition the Court to enter the

25  following Stipulated Protective Order ("Order").   The parties acknowledge that

26  this Order does not confer blanket protections on all disclosures or responses to

27  discovery and that the protection it affords extends only to the limited information

28  or items that are entitled under the applicable legal principles to treatment as

                                  1
[PROPOSED] STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.
Error! Unknown document property name.

1 | confidential.

2 | **II.     GOOD CAUSE STATEMENT**

3 |     The nature of the information sought in this action requires special

4 | protection from public disclosure because Defendant contends the information for

5 | which it seeks protection is confidential and includes proprietary and/or private

6 | commercial information.  Fed. R. Civ. P. 26(c)(1)(G); Cal. Civ. Code § 3426.1.

7 | Generally speaking, such evidence includes Defendant's documents relating to

8 | processes, operations, type or work, production, sales, purchases, inventories,

9 | amount or source of any income, profits, expenditures of corporation and other

10 | organizations, pricing information, sensitive financial documents and

11 | spreadsheets, product pricing, costs of services, customer contact information,

12 | management and strategic business plans, and strategies, and personnel

13 | information.  Defendant contends this information is not known to the public and

14 | the disclosure of the foregoing information may have the effect of causing harm

15 | to the competitive position of Defendant.  Defendant further contends that this

16 | information is not readily ascertainable in any type of trade or public directory or

17 | any other source.  Thereby, in this case, Defendant contends that there exists an

18 | interest that overcomes the right of public access to the documents, in that

19 | valuable confidential, proprietary, and private information exists that are not

20 | public and there is no public right to be vindicated. By sealing the documents for

21 | which special protection may be sough pursuant to this stipulation and any order

22 | issuing thereon, the proprietary rights of Defendant would be protected.  Sealing

23 | only those documents identified herein is sufficiently tailored to protect

24 | Defendant's confidential, proprietary and/or private commercial information.

25 | **III.    DEFINITIONS**

26 |     3.1    <u>Party:</u> any party to this action, including all of its officers, directors,

27 | employees, consultants, retained experts, and outside counsel (and their support

28 | staff).

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.
Error! Unknown document property name.

3.2 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.3 <u>"Confidential" Information or Items:</u> information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection from disclosure under standards developed under Federal law.  Documents that are or will be designated "**Confidential**" include:

      a)    Service Contract(s) by and between COMPUTER SCIENCES CORPORATION and Jet Propulsion Laboratory;

      (b)    Contract Modifications by and between COMPUTER SCIENCES CORPORATION and Jet Propulsion Laboratory; and

      (c)    Supplemental Agreements by and between COMPUTER SCIENCES CORPORATION and Jet Propulsion Laboratory.

3.4 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3.5 <u>Producing Party:</u> a Party or non-party that produces Disclosure or Discovery Material in this action.

3.6 <u>Designating Party:</u> a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

3.7 <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "Confidential."

3.8 <u>Outside Counsel:</u> attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.9 <u>House Counsel:</u> attorneys who are employees of a Party.

3.10 <u>Counsel (without qualifier):</u> Outside Counsel and House Counsel (as

Error! Unknown document property name.
Error! Unknown document property name.

1    well as their support staffs).

2        3.11    <u>Expert:</u> a person with specialized knowledge or experience in a

3    matter pertinent to the litigation who has been retained by a Party or its counsel to

4    serve as an expert witness or as a consultant in this action and who is not a past or

5    current employee of a Party or a competitor of a Party's.  This definition includes

6    a professional jury or trial consultant retained in connection with this litigation.

7        3.12    <u>Professional Vendors:</u> persons or entities that provide litigation

8    support services (e.g., photocopying; videotaping; translating; preparing exhibits

9    or demonstrations; organizing, storing, retrieving data in any form or medium;

10   etc.) and their employees and subcontractors.

11   **IV.    SCOPE**

12       The protections conferred by this Order cover not only Protected Material

13   (as defined above), but also any information copied or extracted therefrom, as

14   well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

15   conversations, or presentations by parties or counsel to or in court or in other

16   settings that might reveal Protected Material.

17   **V.    DURATION**

18       The confidentiality obligations imposed by this Order shall remain in effect

19   until the commencement of trial.

20   **VI.    DESIGNATING PROTECTED MATERIAL**

21       6.1    Exercise of Restraint and Care in Designating Material for

22   Protection.  Each Party or non-party that designates information or items for

23   protection under this order must take care to limit any such designation to specific

24   material that qualifies under the appropriate standards.  A Designating Party must

25   take care to designate for protection only those parts of material, documents,

26   items, or oral or written communications that qualify – so that other portions of

27   the material, documents, or communications for which protection is not warranted

28   are not swept unjustifiably within the ambit of this Order.

4

[PROPOSED] STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.
Error! Unknown document property name.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose, (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section **6**.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a portion or portions of the material

[PROPOSED] STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.
Error! Unknown document property name.

on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party on non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.
Error! Unknown document property name.

"CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   <u>Timing of Challenges.</u>  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3   <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, shall comply with the procedures set forth in Local Rule 37 for obtaining a decision from the Court.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.
Error! Unknown document property name.

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined by this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

8

[PROPOSED] STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.
Error! Unknown document property name.

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)    the author of the document or the original source of the information.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN  OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event, absent good cause, more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.
Error! Unknown document property name.

under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all items of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that it attached hereto as Exhibit A.

## XI.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rules of Court 79-5.3 of United States District Court, Central District of California.

## XII.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, and within 10 business days of such time when all avenues of appeal from the case have been exhausted, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 10 business days of such time when all avenues of appeal from the case have been exhausted, all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

10

Error! Unknown document property name.
Error! Unknown document property name.

entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 (DURATION), above.

## XIII.  MISCELLANEOUS

13.1   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

11

Error! Unknown document property name.
Error! Unknown document property name.

1 | any ground to use in evidence of any of the material covered by this Protective

2 | Order.

3 | IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.

4 |

5 | DATED: October    , 2009

6 | _____
Attorneys for Plaintiff
WILLIAM DANIELS
PAUL T. CULLEN

7 |

8 |

9 | DATED: October__, 2009              FISHER & PHILLIPS LLP

10 |

11 |                          By:  _____
JAMES J. MCDONALD, JR.
SHADIE L. BERENJI

12 |                               Attorney for Defendant
COMPUTER SCIENCES

13 |                               CORPORATION

14 |

15 | **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

16 |

17 | DATED:  October 13, 2009

18 | _____
Paul L. Abrams
United States Magistrate Judge

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.
Error! Unknown document property name.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Unites States District Court, Central District of California on [date] in the case of *Yuanis Heathington v. Computer Sciences Corporation., and Does 1 to 50, inclusive,* Case No. CV 08-8435 GAF(PLAx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed:

_____

_____
Printed Name

_____
Signature

[PROPOSED] STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.
Error! Unknown document property name.